UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN J. HANKA,<br><br>  Plaintiff,<br><br>  v.<br><br>MATHEW LORIGAN, et al.,<br><br>  Defendants. | No. 2:25-cv-0564 CKD P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1

1	The court is required to screen complaints brought by prisoners seeking relief against a
2	governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
3	court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
4	"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
5	monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

6	The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon
7	which relief can be granted under federal law. Plaintiff's complaint must be dismissed. The
8	court will, however, grant leave to file an amended complaint.

9	The primary problem with plaintiff's complaint is that he does not identify any particular
10	harm caused by any particular defendant. In his amended complaint, plaintiff must allege in
11	specific terms how each named defendant is involved. There can be no liability under 42 U.S.C.
12	§ 1983 unless there is some affirmative link or connection between a defendant's actions and the
13	claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976).

14	Also, a police dog is not a proper defendant. If plaintiff believes the handling of the dog
15	violated plaintiff's rights, the appropriate defendant is the dog handler.

16	Plaintiff alleges that he was subjected to excessive force during an arrest. Plaintiff is
17	informed that claims of excessive force are analyzed under the reasonableness standard of the
18	Fourth Amendment. See Graham v. Connor, 490 U.S. 386, 395 (1989). "[T]he question is
19	whether the officers' actions are objectively reasonable in light of the facts and circumstances
20	confronting them, without regard to their underlying intent or motivation." Id. at 397 (internal
21	quotations and citation omitted). The analysis "requires balancing the nature and quality of the
22	intrusion on a person's liberty with the countervailing governmental interests at stake to determine
23	whether the use of force was objectively reasonable under the circumstances." Santos v. Gates,
24	287 F.3d 846, 853 (9th Cir. 2002) (internal quotations omitted). Among other things, the court
25	considers the need for force and the severity of the force applied. See Tekle v. United States, 511
26	F.3d 839, 844 (9th Cir. 2007).
27	/////
28	/////

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: February 28, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hank0564.14

3